UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
:
**Nelson Norman,**
:
                          Plaintiff,   :      10 Civ. 5839 (ALC) (HBP)
:
        -against-            :      <u>**OPINION & ORDER**</u>
:
**Michael J. Astrue**, Commissioner of Social Security  :
:
                      Defendant.   X

----------------------------------------- 

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Nelson Norman brings this action pursuant to Section 205(g) of the Social Security Act ("SSA"), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), to seek review of a final decision of the Commissioner of Social Security ("defendant") denying his application for Social Security Income ("SSI") benefits. Both plaintiff and the defendant have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF ## 12 and 14.) In his report and recommendation (the "Report"), Magistrate Judge Henry B. Pitman concluded that the plaintiff's motion should be granted and that defendant's motion should be denied, and recommended that the case be remanded for further proceedings. Specifically, Magistrate Judge Pitman recommends that on remand: (1) the Administrative Law Judge ("ALJ") consider whether plaintiff meets the requirements of Listing 1.04A and explain his reasoning for his ultimate determination; (2) the ALJ confirm that all relevant medical records from Dr. Beale have been provided to the SSA and specify the weight ultimately given to Dr. Beale's opinion, consistent with the rules governing a "treating physician"; and (3) the ALJ reassess plaintiff's credibility and clearly set forth the support for his ultimate determination.

1

Defendant was granted an additional thirty days to object and filed timely objections to the Report on April 11, 2012. Defendant objects to the Report on four grounds: (1) Judge Pitman erred in referencing a previous ALJ decision rather than solely the final ALJ decision; (2) the ALJ's evaluation of plaintiff's impairments at step three of the sequential evaluation was supported by substantial evidence; (3) the ALJ's evaluation of Dr. Beale's assessment was correct under the applicable rules; and (4) the ALJ properly assessed plaintiff's credibility.

The court has reviewed the issues de novo and reached the same conclusions as did Judge Pitman as expressed in his well-reasoned Report. As such, Judge Pitman's Report is adopted in full. I will address defendant's specific objections herein.

## BACKGROUND

The Court assumes familiarity with the background and procedural posture of this case, and incorporates fully the description contained within Magistrate Judge Pitman's thorough and detailed Report.

## DISCUSSION

### I. Standards of Review

#### A. Review of the Magistrate Judge's Report

A district court may designate a magistrate to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motions. See 28 U.S.C. § 636(b)(1). Within fourteen days of service of the recommendation, any party may file written objections to the magistrate's report. Id. In evaluating the report, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Where a party submits timely objections to a report and

recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. See id.; Fed. R. Civ. P. 72(b); see, e.g., Eisenberg v. New England Motor Freight, Inc., 564 F. Supp. 2d 224, 226–27 (S.D.N.Y. 2008). Where no "specific written objection" is made, the district court may adopt those portions "as long as the factual and legal basis supporting the findings and conclusions set forth . . . are not clearly erroneous or contrary to law." Eisenberg, 564 F. Supp. 2d at 226.

### B. Review of the Administrative Law Judge's Decision

When a claimant seeks review of a Social Security hearing regarding disability benefits, the Court's function is not to determine de novo whether the claimant is disabled, but rather to determine only "whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004); see also Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) ("[I]t is not our function to determine de novo whether plaintiff is disabled."). The Supreme Court has defined "substantial evidence" as "more than a mere scintilla" of evidence, and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks omitted); Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996). Review of the ALJ's application of legal principles is de novo. Pollard v. Halter, 377 F.3d 183, 188 (2d Cir. 2004).

## II. Defendant's Objections

### A. Consideration of a Non-Final Decision

Defendant argues that the Report repeatedly "considers" an ALJ decision issued on December 28, 2005, which was vacated by the Appeals Council, and that such consideration is

3

prohibited by sections 405 (g) and (h) of the Social Security Act. "It is well settled" that these provisions of the Social Security Act provide that "judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." Matthews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (citing Califano v. Sanders, 430 U.S. 99, 103 n. 3 (1977)).[1]

In this case, three ALJ decisions were issued rejecting the plaintiff's disability claim, including one issued in December 2005. The plaintiff requested review of each decision, and each time the Appeals Council granted review and remanded the case for further consideration. Finally, in a decision dated May 29, 2008, the ALJ rejected the plaintiff's disability claim for a fourth time. This determination became the final decision of the Commissioner on June 10, 2010, upon the Appeals Council's denial of plaintiff's request for review. Shortly thereafter, plaintiff commenced the present action with this Court. It is not disputed that plaintiff exhausted his available administrative procedures or that this Court has subject matter jurisdiction over this case. Rather, defendant argues that Judge Pitman's various references to the December 2005 throughout his Report are "plainly erroneous" because the May 2008 decision is the only final decision. (Objection at 4.)

This Court disagrees. The requirements of 42 U.S.C. §§ 405(g) and (h) are prerequisites for subject matter jurisdiction, which plaintiff satisfied once he exhausted his administrative procedures and obtained a final decision after being denied review from the Appeals Council. See Stoothoff v. Apfel, No. 98-cv-5724 (JGK), 1999 WL 493356, at *2 (S.D.N.Y. July 12, 1999)

---

[1] Section 405(g) provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). Section 405(h), in relevant part, provides: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. § 405(h).

(citing Sanders, 430 U.S. at 103 n. 3); see also Ryan v. Bentsen, 12 F.3d 245, 247 (D.C. Cir. 1993) ("The Secretary's 'final decision' is a prerequisite to subject matter jurisdiction in the district court and consists of two components, a presentment requirement and an exhaustion requirement."). Defendant cites no support for the proposition that once the Appeals Council vacates and remands a decision, all that was included in the administrative record ceases to be relevant such that a reviewing court cannot refer to parts of prior ALJ decisions. Arguing that a district judge cannot "review" a non-final decision for jurisdictional purposes is quite different than arguing that a judge cannot reference relevant facts contained within a prior, albeit vacated, ALJ decision. While the former is plainly erroneous, the latter is what the Magistrate Judge did here. Accordingly, this objection is overruled.

## 2. Listing Requirement

Defendant next argues that Judge Pitman erred in requiring the ALJ to explain his reasoning for concluding that the plaintiff did not have an impairment that meets any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, because the ALJ's decision was nonetheless supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982) (affirming ALJ's determination at step three even though it did not contain an express rationale, "since portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence"); see also Sava v. Astrue, No. 06-cv-3386 (KMK)(GAY), 2010 WL 3219311, at *4 (S.D.N.Y. Aug. 12, 2010) (affirming determination of ALJ that step three was not met even though the ALJ did not give an express rationale where there was "sufficient uncontradicted evidence in the record to provide substantial evidence for

[that] conclusion"). In Berry, the Second Circuit was careful to circumscribe the precedent it was setting:

> [I]n spite of the ALJ's failure to explain his rejection of the claimed listed impairments, we were able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence. Cases may arise, however, in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ. In such instances, we would not hesitate to remand the case for further findings or a clearer explanation for the decision. [citations omitted] <u>Thus, in future cases in which the disability claim is premised upon one or more listed impairments of Appendix 1, the Secretary should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment.</u>

Id. at 469 (emphasis added). Here, it is unclear from the ALJ's decision which criteria of Listing 1.04A, which is the relevant listing for spinal disorders, the plaintiff failed to meet—or, for that matter, whether the ALJ even applied Listing 1.04A to the plaintiff's impairments.[2] By contrast, in Berry, for example, the court was able to "reasonably infer" the particular criteria the ALJ found lacking. See Berry, 675 F.2d at 468–69. The Court agrees with those portions of Judge Pitman's opinion detailing that the medical evidence in the record demonstrates that plaintiff's impairments do in fact meet each of the requirements of Listing 1.04A—even if some of the evidence, particularly with respect to the criteria of muscle weakness, was not overwhelming. (Report at 91–98.) In light of the ALJ's failure to explain his reasoning and the conflicting medical evidence in the record, this Court cannot conclude by looking at "sufficient uncontradicted evidence" that the ALJ's decision was supported by substantial evidence. See Sava, 2010 WL 3219311, at *4. Accordingly, this objection is overruled, and the Report's recommendation on this point is adopted.

---

[2] In order to meet the requirements of Listing 1.04A, the plaintiff must demonstrate each of the following spinal disorder criteria: (1) "[e]vidence of nerve root compression;" (2) "neuro-anatomic distribution of pain;" (3) "limitation of motion of the spine;" (4) motor loss (atrophy with associated muscle weakness or muscle weakness);" and (5) sensory or reflex loss." 20 C.F.R. Pt. 404, Subpt. P, App. 1.

### 3. Treating Physician Rule

Defendant also objects to Judge Pitman's recommendation that on remand the ALJ should confirm that all relevant medical records from Dr. Beale have been provided to the SSA and that the ALJ should specify the weight ultimately given to Dr. Beale's opinions. Defendant argues that re-contacting Dr. Beale is unnecessary and not required under the rules and regulations because the medical evidence of record was otherwise adequately developed for the ALJ to make his determination. Defendant also contends that the ALJ properly declined to assign Dr. Beale's medical source statement significant weight.

As an initial matter, defendant does not object to (and the Court finds no error with) Judge Pitman's determination that Dr. Beale is properly considered to be plaintiff's "treating physician." The opinion of a treating physician must be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If a treating source's opinion is not given controlling weight, the SSA must assess the following factors in determining how much weight to afford that opinion: (1) the frequency of examination and the length of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. See Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1988) (citing 20 C.F.R. §416.927(d)(2)). "The Commissioner must set forth 'good reasons' for failing to accord the opinions of a treating physician controlling weight." Pierre v. Astrue, No. 09-cv-1864 (JG), 2010 WL 92921, at *8 (E.D.N.Y. Jan. 6, 2010); 20 C.F.R. § 416.927(d)(2). The Second Circuit has instructed that remand is appropriate "when the Commissioner has not

provided 'good reasons' for the weight given to a treating physician's opinion," and when "opinions from ALJs . . . do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." See Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004).

Here, the ALJ gave the medical opinion of Dr. Beale, plaintiff's treating physician, less than controlling weight but did not apply the factors set forth in 20 C.F.R. § 404.1527(d)(2)–(6). As noted by Judge Pitman, the ALJ discounted Dr. Beale's opinion by stating that it could not "be afforded great weight," but the ALJ did not explain why Dr. Beale's opinion was not afforded great weight. The failure of the ALJ to provide "good reason" for not giving Dr. Beale's opinions controlling weight, to mention the weight his opinions were given, and to apply the factors set forth in the regulations are sufficient grounds for remand. See Halloran, 362 F.2d at 33; see also Pierre, 2010 WL 92921, at *9 (concluding that the ALJ did not provide good reasons for not giving treating physicians' opinions controlling weight and "failed even to mention the weight these opinions were given (except to say it was not 'great')").

In addition, "an ALJ cannot reject a treating [source]'s diagnosis without first attempting to fill any clear gaps in the administrative record." Rosa v. Callahan, 168 F.3d 72, 79 n. 5 (2d Cir. 1999). The Social Security regulations require the ALJ to "seek additional evidence or clarification from [claimant's] medical source when the report from [claimant's] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.'" Calzada v. Astrue, 753 F. Supp. 2d 250, 277 (S.D.N.Y. 2010) (quoting regulation formerly codified at 20 C.F.R. § 404.1512(e)(1)); see also Clark v. Comm'r of Social Security, 143 F.3d 115, 117–18 (2d Cir. 1998).

8

Here, the treatment records do not contain Dr. Beale's notes or findings from examinations purportedly conducted between November 2002 (when Dr. Beale stated that he had first examined plaintiff) through November 2005 (when Dr. Beale completed the questionnaire indicating that he examined plaintiff about every six months). Contrary to defendant's assertion, the ALJ cannot conclude that the record was adequately developed without first confirming that no such treatment records exist. Accordingly, these objections are overruled, and the Report's recommendation on this point is adopted.

### 4. Plaintiff's Credibility

Finally, defendant objects to Judge Pitman's finding that the ALJ failed to properly assess plaintiff's credibility. Defendant contends that the ALJ acknowledged plaintiff's symptoms and alleged limitations, carefully assessed the medical evidence, and concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Defendant also argues that the ALJ's credibility assessment was supported by substantial evidence.

While an ALJ has the discretion not "to credit [claimant's] testimony about the severity of [his] pain and the functional limitations it caused," Rivers v. Astrue, 280 Fed. Appx. 20, 22 (2d Cir. 2008), the assessment must be made "in light of medical findings and other evidence." Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir. 1984). However, "[e]ven if subjective pain is unaccompanied by positive clinical findings or other objective medical evidence, it may still serve as the basis for establishing disability. If the claimant's testimony as to pain is not fully supported by clinical evidence, the ALJ must consider additional factors in his assessment." Urena-Perez v. Astrue, 06 CIV. 2589 JGK/MHD, 2009 WL 1726217 (S.D.N.Y. Jan. 6, 2009) report and recommendation adopted as modified, 06 CIV. 2589 (JGK), 2009 WL 1726212

(S.D.N.Y. June 18, 2009). These factors include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications taken; (5) other treatment received; and (6) other measures taken to relieve symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)–(vi); 416.929(c)(3)(i)–(vi); see also Ortiz v. Astrue, 11-cv- 3323 (NRB), 2012 WL 2426298 (S.D.N.Y. June 21, 2012). "This issue is not whether the clinical and objective findings are consistent with an inability to perform all substantial activity, but whether plaintiff's statements about the intensity, persistence, or functionally limiting effects of [his] . . . back pain are consistent with the objective medical and other evidence. Urena-Perez, 2009 WL 1726217, at *40 (quoting Schultz v. Astrue, 2008 WL 728925, at *12). "If, after considering plaintiff's subjective testimony, the objective medical evidence and any other factors deemed relevant, the ALJ rejects [his] subjective testimony, he must explain that decision explicitly and with sufficient specificity that a reviewing court may be able to decide whether there are legitimate reasons for the AJL's disbelief and whether his decision is supported by substantial evidence." Id. (citing Schultz, 2008 WL 728925, at *12). "Absent these findings, remand is appropriate." Id. (citing Hardhardt v. Astrue, 2008 WL 2244995, at *10–11 (E.D.N.Y. May 29, 2008)); see also Fox v. Astrue, 2008 WL 828078, at *14 (N.D.N.Y. March 26, 2008) (remanding, in part, because the ALJ failed to discuss many of the factors).

In this case, the ALJ stated that the claimant's allegations of his functional limitations were not credible principally because the ALJ found that the claimant "has been capable of performing light work since his alleged onset date." The ALJ also concluded that "the claimant's statements are not credible to the extent they are inconsistent with the residual functional capacity assessment." This Court concludes that the ALJ committed legal error in

evaluating the claimant's credibility. First, the ALJ did not consider the additional factors required by 20 C.F.R. §§ 404.1529(c)(3)(i)–(vi) before rejecting plaintiff's subjective testimony, nor did he explain his "decision explicitly and with sufficient specificity that a reviewing court may be able to decide whether there are legitimate reasons for the AJL's disbelief and whether his decision is supported by substantial evidence." See Urena-Perez, 2009 WL 1726217, at *40. Although the ALJ discussed how the medical evidence in the record is inconsistent with an inability to perform light work, the ALJ did not properly question whether the "plaintiff's statements about the intensity, persistence, or functionally limiting effects" of his pain are consistent with the objective medical evidence. See id. (emphasis added). The recitation of medical evidence, without more, is not a stand-in for a "meaningful analysis of how those factors detracted from [the plaintiff's] credibility." See Kerr v. Astrue, No. 09-cv-1119 (GLS), 2010 WL 3907121, at *4 (N.D.N.Y. Sept. 7, 2010) report and recommendation adopted, 7:09-CV1119 GLS/VEB, 2010 WL 3893922 (N.D.N.Y. Sept. 30, 2010).

Furthermore, as noted in Judge Pitman's opinion, the ALJ's credibility assessment was improperly performed to the extent that the ALJ first determined plaintiff's overall RFC and then used that RFC to discount plaintiff's non-conforming allegations and resulting limitations. What is missing from such an analysis is "any explanation as to why [p]laintiff's subjective complaints were found less than fully credible." Id.; see also Meadors v. Astrue, 370 F. App'x 179, 184 (2d Cir. 2010) ("Because we agree that the ALJ did not properly evaluate the Appellant's testimony regarding her pain, we are unable to give his calculation of Appellant's RFC meaningful review."). Accordingly, defendant's objections are overruled, and the Report's recommendation is adopted on this point.

## CONCLUSION

For the reasons discussed above, judgment on the pleadings is granted in favor of plaintiff and the case is remanded for further proceedings consistent with Judge Pitman's report and recommendation.

SO ORDERED.

Dated:   New York, New York
         September 25, 2012

_____
ANDREW L. CARTER, JR.
United States District Judge